```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :      CIVIL ACTION
                               :
     v.                        :
                               :
CHALAMAR MUHAMMAD, et al.      :      NO. 08-5745
```

MEMORANDUM

Bartle, C.J.                                        March 9, 2009

      Before the court is the motion of plaintiff United States for alternative service of defendant Doranna Muhammad. A complaint against Chalamar Muhammad, her husband Curtis Muhammad, and her mother Doranna Muhammad was filed on December 11, 2008 to enjoin them from acting as federal tax preparers. Service was made on Chalamar and Curtis but neither answered the complaint or otherwise responded to the lawsuit. Default was entered against them on January 26, 2009. Upon the motion of the Government, the court entered a permanent injunction against Chalamar and Curtis on February 11, 2009.

      The Government has yet to serve Doranna. In the motion before us and in the attached affidavits, it describes the following efforts to serve Doranna. On December 29, 2008 it attempted to serve her at Chalamar's home located at 24 Skyview Lane, Thorndale, Pennsylvania. Chalamar answered the door and told the process server that Doranna no longer resided there. She refused to provide any further information. The Internal

Revenue Service subsequently conducted a search and determined that Doranna likely resided at 503 1st Montgomery Boulevard, Thorndale, Pennsylvania 19372.

A process server made seven attempts to serve Doranna at the Montgomery Boulevard address on every day of the week except Sunday and at different times of day.[1]  No one answered the door on any of these visits.  The process server confirmed that Doranna resides at this address by speaking with neighbors and with a representative in the leasing office for the property. One of the neighbors informed the process server that Doranna is elderly and unable to answer the door herself.  The neighbor also said that Doranna's daughter frequently visits her.  The process server, however, was unable to make contact with Doranna's daughter at the Montgomery Boulevard address.  He left a business card at Doranna's property on six occasions without receiving a callback.

In its brief, the Government states that it mailed copies of its court filings to Doranna both at the Montgomery Boulevard address and at Chalamar's address.  However, it does not support this statement with an affidavit.  In the pending motion it seeks permission to obtain service on Doranna by publication in Chester County.

---

1.  The attempts included:  December 30, 2008 at 9:00 PM; December 31, 2008 at 11:00 AM; January 2, 2009 at 5:40 PM; January 3, 2009 at 12:15 PM; January 5, 2009 at 8:40 AM; January 7, 2009 at 7:00 PM; and January 8, 2009 at 6:15 AM.

Rule 4(e) of the Federal Rules of Civil Procedure provides that a defendant "may be served in a judicial district of the United States by ... following state law for serving a summons."  Rule 402 of the Pennsylvania Rules of Civil Procedure permits process to be served "by handing a copy to the defendant" or "by handing a copy ... at the residence of the defendant to an adult member of the family with whom he resides."  The Government brings its motion for alternative service under Rule 430(a) of the Pennsylvania Rules of Civil Procedure, which states:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

In Pennsylvania, service other than by hand delivery to a defendant is a last resort.  <u>Accu-Tech Corp. v. Network Techs. Group, Inc.</u>, No. Civ.A. 05-1973, 2005 WL 1459543, *1 (E.D. Pa. June 17, 2005).  A plaintiff seeking leave for alternative service must demonstrate the following:

> First, the person must show a good faith effort to locate the person on which service is to be made. Second, plaintiff must undertake practical efforts to serve defendant under the circumstances.  If the plaintiff has satisfied these first two steps, she must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him.

<u>Calabro v. Leiner</u>, 464 F. Supp. 2d 470, 470-71 (E.D. Pa. 2006).

"[N]early all of the scarce case law addressing Pennsylvania Rule of Civil Procedure 430(a) involve plaintiff's request for publication <u>when the whereabouts of defendants is unknown</u>." <u>Id.</u> at 471 n.3 (emphasis in original).  That is not the case here.  The process server confirmed with neighbors and with the property leasing office that Doranna Muhammad resides at 503 1st Montgomery Boulevard, Thorndale, Pennsylvania.  Therefore, step one, a good faith effort to locate the defendant, has been satisfied.

The Government must also establish that it has undertaken "practical efforts to serve defendant under the circumstances." <u>Calabro</u>, 464 F. Supp. 2d at 470-71.  It has obtained information of Doranna's whereabouts, and it has made seven attempts to serve her at her home.  It has taken care to attempt service on six days of the week and at different times of day.  In light of these efforts we conclude that the Government has made practical efforts to serve Doranna.

Step three requires that the proposed method of alternative service be "reasonably calculated to provide the defendant with notice of the proceedings against him." <u>Calabro</u>, 464 F. Supp. 2d at 471; <u>see</u> <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950).  "Service of process by publication is an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him." <u>Fusco v. Hill Fin. Sav. Ass'n</u>, 683 A.2d 677, 680 (Pa. Super. 1996).  Publication is not reasonably

calculated to provide the defendant with notice of the pendency of an action against her when her whereabouts are known.  As the Supreme Court wrote in <u>Mullane</u>, "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper."  339 U.S. at 315.  Where the name and address of a defendant is known, "the reasons disappear for resort to means less likely than the mails" to apprise them of the lawsuit.  <u>Id.</u> at 318.

Doranna's address is not only known to the Government, but it appears that she rarely leaves home.  Rule 430 allows the plaintiff to "move the court for a special order directing the method of service."  When we consider the possible methods of obtaining service on Doranna, we conclude that mailing the summons and complaint is far more likely than publication to succeed in notifying her of the instant action.  We therefore conclude that the proposed alternative service by publication alone is not reasonably calculated to provide Doranna notice.

Accordingly, and for the reasons set forth above, we will grant the motion of the Government for alternative service of defendant Doranna Muhammad by publication in Chester County, provided that it also sends a copy of the complaint and summons to Doranna by first class mail, postage prepaid, and files an affidavit with the court attesting to the fact that it has done both.  Even if it is true that the Government mailed Doranna a copy of the complaint prior to its attempt at personal service, this court requires another mailing.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CIVIL ACTION
                              :
          v.                  :
                              :
CHALAMAR MUHAMMAD, et al.     :      NO. 08-5745
```

ORDER

AND NOW, this 9th day of March, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff United States for alternative service of defendant Doranna Muhammad is GRANTED provided that the United States also send a copy of the complaint and summons by first class mail, postage prepaid, to Doranna Muhammad at 503 1st Montgomery Boulevard, Thorndale, Pennsylvania prior to publication in Chester County and that the United States file an affidavit with the court attesting to the fact that both means of alternative service have been made and the dates thereof.  In the case of the publication, the affidavit must also set forth the identify of the publication and a copy of the notice.

BY THE COURT:


/s/ Harvey Bartle III
                                              C.J.